IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,

        Plaintiff,                         No. CIV S-09-642 WBS GGH (TEMP) P

     vs.

A.H. WHITTEN, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. The court found the amended complaint appropriate for service on the following claims against the following defendants: Whitten, insofar as the complaint alleges that Whitten retaliated against plaintiff by filing a rules violation report on April 27, 2007, placed plaintiff in a holding cage despite his awareness of the impact of such actions on plaintiff's mental health, and conducted searches for purposes of harassment; Greer, insofar as the complaint alleges he searched plaintiff for purposes of harassment and placed plaintiff in a holding cage despite his awareness of plaintiff's mental condition; Moore, insofar as the complaint alleges he searched plaintiff for purposes of harassment; Protivinsky, insofar as the complaint alleges he searched plaintiff for purposes of harassment; and Brewer, insofar as the complaint alleges she was aware that Moore and Protivinsky lied about the reasons for the search

1

yet failed to stop it.

Defendants Brewer, Greer, Protivinsky and Whitten[1] have filed a motion to dismiss, arguing that plaintiff failed to exhaust administrative remedies before filing suit and that the complaint fails to state a claim. They support the motion with declarations from D. Lewis, the Appeals Coordinator at the California Medical Facility, and D. Foston, the Chief of the Inmate Appeals Branch, as well as copies of plaintiff's grievance history.

I. Administrative Exhaustion Under The Prison Litigation Reform Act

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but it need only provide the level of detail required by the grievance system itself. Jones v. Bock, 549 U.S. 199, 218-219 (2007); Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has one informal and three formal levels of review to address an inmate's claims, subject to certain exceptions. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally

---

[1] Defendant Moore has not yet been served with a summons and complaint.

are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). However, an inmate is required to exhaust only available remedies; for a remedy to be "available," there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738. Relying on Booth, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119. To bear this burden,

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case[.] With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

Brown at 936-37.

1    Here, defendants have presented evidence of a number of grievances plaintiff filed
2 relating to the allegations of the complaint, but they allege that plaintiff did not receive third level
3 decisions on many of these grievances or received them after he filed the complaint at issue.
4    Plaintiff argues that administrative remedies have been exhausted, but he presents
5 no evidence supporting his claim. Instead he complains that prison authorities have not returned
6 "two bags" of legal documents which were taken in a cell search. He does not link the missing
7 documents to administrative exhaustion in this case or otherwise allege that the documents would
8 allow him to refute defendants' claims of non-exhaustion.

   A. <u>Plaintiff's Grievances of Improper Searches, Retaliation and Deliberate Indifference to Mental Health Needs in 2007 and 2008</u>

   On November 13, 2007, plaintiff filed a grievance, assigned Log No. 07-M-3859, in which he complained that defendant Whitten improperly searched him three times in a two week period immediately following the dismissal of a rules violation report (RVR) that Whitten had prepared. His complaint makes it clear that he believed the searches were part of a pattern of sexual harassment and retaliation for having been exonerated of the charges in the RVR. He also alleged that defendant Whitten deliberately put him in a holding cage for harassment purposes despite plaintiff's psychiatric history. Motion To Dismiss (MTD), Declaration of D. Lewis (Lewis Decl.) ¶ 14 & Ex. B (Doc. No. 23-4) at 13-23.[2]

   On December 12, 2007, plaintiff withdrew the grievance. He wrote on his appeal form that "I've spoken to Officer A.H. Whitten and staff, issue resolved, I choose to withdraw."[3] <u>Id</u>. at 14. Two prison officials signed the same section of the form, acknowledging the withdrawal. Plaintiff did not pursue the grievance further. <u>See</u> MTD, Declaration of D. Foston

---

[2] Because the exhibits are not internally paginated, the court refers to the page numbers assigned by its ECF system.

[3] In his complaint, plaintiff writes that "[d]uring an interview... Whitten had promised to leave plaintiff alone." Complaint at 7.

4

1  (Foston Decl.) and exhibits attached thereto, documenting all appeals plaintiff pursued to the
2  Director's Level.  Defendants argue that because plaintiff did not seek a Director's Level review
3  or any further review of this grievance, the claim stemming from the 2007 searches is
4  unexhausted.
5         In Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), the inmate filed a grievance
6  complaining that he had not received a timely hearing on a rules violation report.  The first level
7  response to the grievance assured him that he would be given a hearing and access to a videotape
8  of the cell search which prompted the RVR.  He did not seek review of the decision.  When, five
9  months later, he had not received the promised hearing, he filed another grievance, complaining
10 that he "'would like this 115 heard. . . .'" Id. at 685.  The appeals coordinator screened this
11 grievance out as untimely.  Id.  Plaintiff ultimately filed suit, but defendant filed a motion to
12 dismiss for failure to exhaust, arguing that the inmate "should have appealed the . . . decision
13 granting him a hearing and access to the videotape."  Id.  The Ninth Circuit disagreed:

> An inmate has no obligation to appeal from a grant of relief, or a
> partial grant that satisfies him, in order to obtain relief.  Nor is it
> the prisoner's responsibility to ensure that prison officials actually
> provide the relief that they have promised.
>
> . . . .Once the prison officials purported to grant relief with which
> [the inmate] was satisfied, his exhaustion obligation ended.  His
> complaint had been resolved, or so he was led to believe, and he
> was not required to appeal the favorable decision.

19 Id. (internal citations omitted).
20        Defendants' evidence in this case shows that plaintiff withdrew the grievance
21 because he was satisfied with the informal resolution of his complaint.  Harvey could be read to
22 suggest that plaintiff's satisfaction with and reliance on Whitten's "promise" to leave him alone
23 rendered the administrative remedies process exhausted.  On the other hand, it cannot be said in
24 this case that plaintiff received a "favorable decision" that eliminated the need to pursue the
25 grievance to the end of the process, as was the case in Harvey.  Here there was no formal grant of
26 relief by the prison.  Instead, plaintiff withdrew his complaint after receiving an informal

5

1  agreement from defendant Whitten – a move akin to a voluntary dismissal under Fed. R. Civ. P.
2  41(a)(1), in which a plaintiff effects a dismissal without prejudice that "put[s] plaintiff in a legal
3  position as if he had never brought the... suit." Harvey Specialty & Supply, Inc. v. Anson
4  Flowline Equipment, Inc., 434 F.3d 320, 324 (5th Cir. 2005). Taking that analogy one step
5  further, if plaintiff is now in the same position of never having brought the November 2007
6  grievance, he cannot claim to have exhausted it.

7          The facts of plaintiff's withdrawal therefore present a fine but potentially critical
8  distinction between this case and Harvey. However, the court need not decide the ultimate effect
9  of that distinction since, as explained below, the plaintiff's next complaint concerning
10 defendants' alleged harassment satisfied his obligation to exhaust those claims before bringing
11 them to federal court.

12         On November 7, 2009, plaintiff filed a grievance assigned Log No. 08-M-3613.
13 Plaintiff complained that "Officer A.H. Whitten has reniged on the agreement when I respectfuly
14 withdrew on 12-12-07. . . ." MTD, Lewis Decl., Ex. C (Doc. No. 23-4) at 28. He complained
15 that Whitten undertook an "illegal search act" on July 1, 2008, in retaliation for plaintiff's earlier
16 602 and that Whitten enlisted defendants Moore and Greer "to facilitate these acts for him[.]" Id.
17 at 29. He also claimed that "Polvosky (name spelling is wrong)" was involved in the illegal
18 searches. Id.

19         The November 2008 grievance was processed as a "staff complaint." Staff
20 complaints by California inmates are listed in the California Code of Regulations as an
21 "exception to the regular appeals process." See Cal. Admin. Code tit. 15, § 3084.9(i). As such,
22 plaintiff's grievance was submitted for a confidential inquiry by the appeals reviewer who
23 received plaintiff's grievance, pursuant to Cal. Admin. Code tit. 15, § 3084.9(i)(3)(B). The
24 appeals official who conducted the inquiry concluded, in a written summary copied to plaintiff,
25 that "[t]he Inquiry found no evidence that Officer Whitten, Officer E. Moore, Officer Greer, and
26 Officer J. Protvinsky acted intentionally and/or deliberately participated in a practice of

harassment and intimidation against Inmate Walker." MTD, Lewis Decl., Ex. C at 33.

Defendants characterize the November 2008 grievance as "a resubmission of the previously withdrawn Log. No. 07-M-3859" – i.e., the grievance that plaintiff withdrew in December 2007. MTD Points and Authorities at 5. Indeed the November 2008 grievance does refer back to the 2007 "agreement" between him and defendant Whitten that the harassment would stop. However, the summary of the prison's confidential inquiry only references searches that occurred in July 2008. Nevertheless, the inquiry's conclusion that Whitten, Moore, Greer and Protvisnky did not engage in a "practice" of harassment or intimidation, together with the undisputed inclusion of the "agreement" between plaintiff and Whitten, suffices to show that plaintiff included all of the acts of alleged harassment from 2007 and 2008 in Log No. 08-M-3613.

The only question remaining, then, is whether plaintiff filed his federal complaint within the proper time frame. Defendants argue that he did not, because the Director's Level decision did not issue until May 29, 2009, more than two months after plaintiff filed this lawsuit. Id. at 11.

Ordinarily, administrative exhaustion must be completed before an inmate files a complaint based on the subject matter of the grievance. McKinney v. Carey, 311 F.3d. 1198, 1200 (9th Cir. 2002). However, as noted above, if the subject of the prisoner's complaint is a "staff complaint," it does not proceed through the usual grievance procedures. The remedy for such a complaint is either a referral of the charges to the Office of Internal affairs or a confidential inquiry by an appeals official. See Cal. Admin. Code tit. 15, § 3084.9(i)(3). An inmate can receive no other relief regarding a staff complaint. See Brown v. Valoff, 422 F.2d 926, 937-938 (9th Cir. 2005). Importantly for this motion, if on a staff complaint a request is granted or partially granted, i.e., an investigation is ordered, *the inmate has exhausted all*

\\\\\

\\\\\

7

*available remedies for the staff complaint.* Id. at 937-938.[4] If misconduct on the part of staff is found, only CDCR has the authority to impose punishment on the staff member; an inmate does not proceed in an adversarial fashion to determine the punishment. Whether or not the charge of misconduct is not sustained, the administrative matter ends for the inmate. If an inmate seeks a change of status in his favor that would require to take some affirmative action toward him – for example, the plaintiff asks to be housed in protective custody or be single celled – then the regular three level appeal process must be exhausted for that relief. Id at 938. But for a prisoner who seeks to stop staff misconduct, the only available process is to initiate an investigative "remedy." That is exactly what happened in this case.

It is of no moment that the memorandum informing plaintiff of the outcome of the investigation obliquely states that "[a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process." MTD, Lewis Decl., Ex. C at 33. Here, the Director's Level decision confirms that no further remedy was available to plaintiff after the confidential inquiry concluded. The Director's Level decision notes that, in addition to an investigation, plaintiff wanted disciplinary action taken against Whitten and a restraining order against further searches by Whitten. The Director's Level decision explains that "[a]lthough the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process." Id. at 26.

Under Brown, the determinative question is whether all available remedies were in fact exhausted by the confidential investigation, and the answer in this case, confirmed by the Director's Level decision, is that they were. The boilerplate language after the summary of the

---

[4] The reason why a staff complaint grievance might only be partially granted when an investigation is ordered is that prisoners quite often ask for a specific punishment to be awarded as a part of the grievance. In no case may a prisoner be awarded specific punishment to be meted out to staff for staff misconduct – such is a remedy that is never available to the prisoner – only CDCR in its role as the staff disciplinary authority. In other words, the prisoner has no standing to seek a specific punishment.

confidential inquiry cannot trump the application of Brown to this case when the Director's Level decision itself makes clear that the process was effectively finished when the confidential inquiry was complete.[5]

The results of the confidential inquiry were released on January 9, 2009. Plaintiff filed this lawsuit on March 9, 2009. Under Brown, the claims stated against defendants Whitten, Greer, Protivinsky and Brewer stemming from searches, retaliation and deliberate indifference to plaintiff's mental health needs in 2007 and 2008 are exhausted.

B. Log Nos. 08-M-4013, 09-M-906, 07-M-4028

It is not entirely clear why defendants have included these additional grievances: none of them address any of the claims of the complaint. The first, Log No. 08-M-4013, alleges that Officer McKeen, who is not a defendant, reprimanded plaintiff for wearing his jacket incorrectly and searched plaintiff for purposes of harassment and then lied about it to Sergeant Gilliam. See MTD, Lewis Decl. ¶14 & Ex. D, Doc. No. 23-4 at 49-62. The second, Log No. 09-M-906, relates to a rules violation report stemming from plaintiff's refusal to alter the way he was wearing his jacket. See Lewis Decl. ¶ 14 & Ex. E, Doc. No. 23-5 at 1-16. The third, Log No. 07-M-4028, alleges that defendant Gross misrepresented facts about his mental health when she was asked to evaluate whether his mental health played a role in a rules violation. See Lewis Decl. ¶ 14 & Ex. F, Doc. No. 23-5 at 18-19.[6] In another grievance, Log No. 07-M-2078, plaintiff complained that a hearing on a rules violation report was held in the hospital while he was under the influence of anesthesia, while the last cited by defendants, Log No. 07-M-705, claimed that Officer Scott, not a defendant in this action, harassed him by searching him in front of other inmates. Lewis Decl. ¶ 14 & Exs. G & H. Although these grievances address plaintiff's

---

[5] Nothing in Cal. Admin. Code tit. 15, § 3084.9(i), which governs the special appeals process for staff complaints, suggests that any remedy or process beyond the conclusion of the confidential inquiry exists under California law.

[6] This allegation was part of the complaint that the court did not find appropriate for service. See Complaint at 11.

9

belief he is being harassed by correctional officers, none of them relate to those claims the court has found appropriate for service.

### C. Other Information

As noted above, defendants have also submitted the declaration of D. Foston, the Chief of the Inmate Appeals branch, with the results of Foston's search of the records maintained by the Inmate Appeals Branch. These records show that apart from Log No. 08-M-3613, none of the issues in the complaint were reviewed at the Director's Level. Foston Decl. ¶ & Ex. A. Although this is not determinative of the exhaustion question, as noted above, plaintiff has come forward with no information suggesting that he filed grievances concerning the other allegations of the complaint or that any such grievances were fully exhausted.

### D. State Law Claim Of Battery

Defendants argue that plaintiff has failed to exhaust administrative remedies in connection with his state law claim of battery. The court did not order service of the complaint as to that claim.

## II. Failure To State A Claim

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557, 127 S.Ct. 1955 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007), and construe the complaint in the light most favorable to the

plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

Defendants argue that the complaint fails to state a claim as to several portions of his complaint, including equal protection, failure to protect, falsification of mental health records, and battery. The court did not order service as to those claims. In addition, the court will not reach the question whether the complaint states a claim that Brewer failed to prevent improper searches because it has found plaintiff failed to exhaust remedies as to that claim. The court did not order service as to any other failure to intervene claims in the complaint.

Finally, defendants allege that plaintiff has failed to state claims of retaliation and failure to protect against defendant Whitten.

A. Retaliation

Plaintiff alleges that after he commented that defendant Whitten's searches of inmates appeared to be sexual harassment, Whitten prepared a rules violation report against plaintiff and that he began a series of harassing searches. After the finding of guilt was reversed in October 2007, Whitten increased the number of harassing searches of plaintiff. See Complaint (Compl.) at 6-7.

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the Constitution whether or not the underlying misconduct would be an independent constitutional violation. In Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) the Ninth Circuit stated:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

(Footnote omitted). An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). Defendants argue that plaintiff has provided no

1  "factual enhancement" for his claims that the searches were undertaken for a retaliatory purpose.
2  See Memorandum in Support of MTD at 10.  Defendants fail to acknowledge that "timing can
3  properly be considered as circumstantial evidence of retaliatory intent." Pratt at 808.  In this
4  case, plaintiff alleges that the alleged retaliatory actions began after he complained about
5  Whitten's conduct and escalated after his use of the grievance process was successful.  This is
6  sufficient.

       B.  "Failure To Protect"

Defendants seek dismissal "to the extent plaintiff attempts to assert a 'failure to protect' claim" based on his allegations about harassing searches and his fear of being placed in a holding cage as claims of failure to protect.  In doing so, defendants essentially impose their own characterization on what is plainly a claim of deliberate indifference to mental health needs.  They also argue, as part of this recharacterization, that nothing in the complaint suggests that defendant Whitten, as opposed to defendant Greer, put plaintiff in the holding cage.  Neither argument has merit.

Plaintiff alleges that Whitten "took plaintiff in hand cuffs to a holding cage at [the] program office" and that "this officer A.H. Whitten was also told that Plaintiff was a mental health patient and was not to be placed in a cage because of a past incident. . . ." Compl. at 6. This is sufficient to state a claim that Whitten was deliberately indifferent to plaintiff's mental health needs, which is well established as a cognizable claim under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 838, 114 S.Ct. 1970 (1994); Austin v. Terhune, 367 F.23d 1167, 1172 (9th Cir. 2004).  Defendant's attempt to recast it as a "failure to protect" is of no avail.

Plaintiff also alleges that Whitten searched him repeatedly with the intent to harass and intimidate him.  See Complaint at 7-8.  This is sufficient to state an Eighth Amendment claim.  See Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004) (searches that are "'maliciously motivated, unrelated to institutional security, and hence 'totally without

penological justification'" are unconstitutional).

III. <u>Defendant Moore</u>

       On November 2, 2010, the court sent plaintiff another USM-285 form and a copy of the complaint in order to facilitate service on defendant Moore and ordered him to return the completed materials within thirty days of the date of that order. He has not complied with that order. Accordingly, defendant Moore will be dismissed from the action.

       IT IS HEREBY RECOMMENDED that:

       1. Defendants' motion to dismiss (docket no. 23) based on failure to exhaust administrative remedies be denied as to his claims that defendants Whitten, Greer, Protivinsky and Brewer conducted or allowed improper searches for the purpose of harassment, retaliation and deliberate indifference to plaintiff's mental health needs in 2007 and 2008.

       2. Defendant Moore be dismissed from the action because of plaintiff's failure to prosecute.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2011

                                       /s/ Gregory G. Hollows

                                       GREGORY H. HOLLOWS
                                       UNITED STATES MAGISTRATE JUDGE

GGH:hm
walk0642.mtd