UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JEFFREY E. WALKER,

        Plaintiff,

   v.

A.H. WHITTEN, et al.,

        Defendants.

_____/

NO. CIV. 2:09-642 WBS GGH

ORDER RE: MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS

----oo0oo----

Plaintiff Jeffrey E. Walker, a state prison inmate proceeding pro se, initiated this action for claims pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(17).

On February 9, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-

1

1  one days.  (Docket No. 45.)   Defendants[1] object to the

2  magistrate judge's recommendation that their motion under Federal

3  Rule of Civil Procedure 12(b) to dismiss for plaintiff's failure

4  to exhaust administrative remedies be denied.[2]  (Docket No. 49.)

5          In accordance with the provisions of 28 U.S.C. §

6  636(b)(1)(C), this court has conducted a <u>de novo</u> review of this

7  case.  Having carefully reviewed the entire file, the court will

8  adopt the findings and recommendations, except to the extent that

9  they rely on section 3084.9(i) (providing for special procedures

10 for staff complaints) of Title 15 of the California Code of

11 Regulations, which was not in effect when plaintiff filed his

12 administrative appeals, and will deny the moving defendants'

13 motion to dismiss for plaintiff's failure to exhaust

14 administrative remedies.

15 I.   <u>Factual and Procedural Background</u>

16          As pertinent to the motion, plaintiff filed a grievance

17

18   [1]   Defendants Whitten, Greer, Protivinsky, and Brewer
     brought the motion to dismiss.  The objections do not specify
19   which of the moving defendants object to the magistrate judge's
     findings and recommendations, so the court assumes that all
     moving defendants object.
20        In their objections, defendants do not distinguish
     among themselves.  In other words, defendants do not argue that
21   plaintiff failed to exhaust administrative remedies as to a
     particular defendant for a reason different from the reason that
22   plaintiff failed to exhaust for the other defendants.  Thus, this
     court's Order does not distinguish among the defendants with
23   respect to exhaustion.

24        [2]   The magistrate judge also recommended dismissal as to
     defendant Moore because plaintiff did not comply with an order to
25   return the USM-285 form and a copy of the Complaint in order to
     facilitate service on defendant Moore.  (<u>See</u> Feb. 9, 2011,
26   Findings & Recommendations at 13:3-6 (Docket No. 45).)  Plaintiff
     did not file an objection to the findings and recommendations.
27   Accordingly, the court will adopt the findings and
     recommendations with regard to dismissal of this action as
28   against defendant Moore.

1  in November of 2008 for improper searches, retaliation, and
2  deliberate indifference to plaintiff's psychiatric history in
3  2007 and 2008.  Plaintiff alleges that the alleged staff
4  misconduct stemmed from the dismissal of a rules violation report
5  in 2007.  (<u>See</u> Lewis Decl. in Supp. of Defs.' Mot. to Dismiss
6  ("Lewis Decl.") Ex. C at 28-29[3] (Docket No. 23-4).)

7          The grievance was categorized as a "staff complaint."
8  At the second level of the inmate appeals process, plaintiff
9  received a response informing him that his administrative appeal
10 was partially granted and that an investigation was conducted,
11 but the investigation found that the allegations were
12 unsubstantiated.  (<u>Id.</u> Ex. C at 32-33.)  Plaintiff then filed an
13 administrative appeal at the director's level.  In March of 2009,
14 before plaintiff received a response at the director's level,
15 plaintiff filed the instant action in this court.  Plaintiff
16 received a response at the director's level denying his appeal in
17 May of 2009.  (<u>Id.</u> Ex. C at 26-27.)
18 II.  <u>Discussion</u>

19         A prisoner may not bring a § 1983 claim "until such
20 administrative remedies as are available are exhausted."  42
21 U.S.C. § 1997e(a).  The prisoner must satisfy the exhaustion
22 requirement before filing the complaint.  <u>See</u> <u>McKinney v. Carey</u>,
23 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).  A plaintiff
24 need not plead or prove exhaustion; a plaintiff's failure to
25 exhaust is an affirmative defense that must be raised and proved
26 by the defendant.   <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th

27 ───────────────
28      [3]  The page numbers are those assigned by the court's
   CM/ECF system.

3

1    Cir. 2003).  A defendant may move to dismiss for a plaintiff's

2    failure to exhaust pursuant to Federal Rule of Civil Procedure

3    Rule 12(b).  In deciding the motion, the court may look beyond

4    the pleadings and decide disputed issues of fact.  See id. at

5    1119-20.  Failure to exhaust requires dismissal without

6    prejudice.  Id. at 1120.

7         Exhaustion is mandatory regardless of the form of

8    relief sought by the prisoner.  See Booth v. Churner, 532 U.S.

9    731, 739 (2001) (prisoners are obligated to navigate all of a

10   prison's administrative process "regardless of the fit between a

11   prisoner's prayer for relief and the administrative remedies

12   possible"), overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir.

13   1999).  However, "a prisoner need not press on to exhaust further

14   levels of review once he has either received all 'available'

15   remedies at an intermediate level of review or been reliably

16   informed by an administrator that no remedies are available."

17   Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

18        Because "there can be no 'absence of exhaustion' unless

19   some relief remains 'available,' a defendant must demonstrate

20   that pertinent relief remained available."  Id. at 936-37.

21   Pertinent relief may remain available "at unexhausted levels of

22   the grievance process or through awaiting the results of the

23   relief already granted as a result of that process."  Id. at 937.

24   Evidence that the defendant may use to meet his burden includes

25   "statutes, regulations, and other official directives that

26   explain the scope of the administrative review process;

27   documentary or testimonial evidence from prison officials who

28   administer the review process; and information provided to the

1  prisoner concerning the operation of the grievance procedure."

2  Id.  The latter category of evidence is relevant because "it

3  informs [the court's] determination of whether relief was, as a

4  practical matter, 'available.'"   Id. (emphasis added).

5        Here, when plaintiff filed his administrative appeals,

6  an inmate in California could file administrative appeals

7  following the procedures found in sections 3084.1 through 3084.7

8  of Title 15 of the California Code of Regulations.[4]  Under the

9  regulations in effect at the time, a prisoner "[could] appeal any

10  departmental decision, action, condition, or policy which they

11  [could] demonstrate as having an adverse effect upon [his]

12  welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations

13  set forth four levels of appeal: (1) informal level, in which the

14  prisoner and the staff attempted to resolve the issue; (2) first

15  formal level, usually conducted by the institution's appeals

16  coordinator; (3) second formal level, conducted by the

17  institution's head; (4) and third formal level, conducted by the

18  director of the California Department of Corrections and

19  Rehabilitation ("Department").

20        Defendants have provided the Department's

21

22        [4]   Emergency regulations are currently in effect that
    amend and add sections to the regulations that were in effect
23  when plaintiff filed his administrative appeals.  The emergency
    regulations can be found at sections 3084.1 through 3084.9 of
24  Title 15 of the California Code of Regulations.  See Cal. Code
    Regs. tit. 15, §§ 3084.1-3084.9.
25        While the amended regulations provide additional
    support to deny defendants' motion, the court will not adopt the
26  magistrate judge's findings and recommendations to the extent
    that they rely on regulations as amended because they were not in
27  effect when plaintiff filed his administrative appeals.  (See
    Feb. 9, 2011, Findings & Recommendations at 6:21-23, 7:19-21, 9
28  n.5.)

Administrative Bulletin, issued on August 21, 1998, governing the processing of appeals that allege staff misconduct.  (Defs.' Nunc Pro Tunc Req. for Extension of Time to File Ex. A ("Administrative Bulletin") (Docket No. 50).)  The Ninth Circuit has described this Bulletin as reflecting a procedure in which the only remedy available for an appeal categorized as a "staff complaint" is an investigation into the alleged staff misconduct. <u>Brown</u>, 422 F.3d at 937-39.  The Bulletin provides that "**ALL** complaints which allege any misconduct by a staff member shall be logged by the appeals coordinator as a Staff Complaint." (<u>Id.</u> (bold in original).)

        The Bulletin states that if a staff complaint "warrants a formal . . . investigation," then the second level response "shall note that the appeal was granted or partially granted (<u>depending upon the action requested by the appellant</u>)." (<u>Id.</u> § 2 (emphasis added).)  The Bulletin's definition of partially granted suggests that an investigation is the only remedy available to a prisoner alleging staff misconduct:  "Whether an appeal directed to the staff complaint procedure is given a 'granted' or 'partially granted' response depends not on whether there remains some possibility of obtaining relief through the appeals process, but on 'the action requested by the appellant.'" <u>Brown</u>, 422 F.3d at 939.

        The response at the second level that plaintiff received for his staff complaint is consistent with the Bulletin. (<u>See</u> Lewis Decl. Ex. C at 32.)  The response stated that the appeal was partially granted at the second level and that an

investigation into the allegations had been conducted.  The
response informed plaintiff that the investigation revealed no
evidence to support his allegations.

The response noted that plaintiff sought additional
remedies beyond an investigation into alleged staff misconduct,
such as disciplinary action, a restraining order, and that the
staff be professional in their interactions with plaintiff.
Important to this motion, the response suggests that no further
remedies were available: "Although you have the right to submit a
staff complaint, a request for administrative action regarding
staff or the placement of documentation in a staff member's
personnel file is beyond the scope of the staff complaint
process." (Id. Ex C at 33.)  The response at the director's
level, which defendants argue plaintiff was required to receive
before filing the instant action, confirms that no further
remedies remained available once an investigation was ordered and
contained this same language quoted above.  (Id. Ex. C at 26.).

Relying on Brown, a number of courts have found that an
appeal of a complaint categorized as a "staff complaint" was
exhausted once an investigation was ordered.[5]  See, e.g., Lugo v.
Williams, No. CIV S-09-0505 MCE CMK, 2010 WL 4880657, at *6 (E.D.
Cal. Nov. 23, 2010) (magistrate judge's findings and
recommendations), adopted by No. 2:09-cv-00505 MCE CMK, 2011 WL
346536 (E.D. Cal. Feb. 1, 2011); Cottrell v. Wright, No. CIV
S-09-824 JAM KJM, 2010 WL 4806910, at *5 (E.D. Cal. Nov. 18,

---

[5]      Inexplicably, despite the magistrate judge expressly
relying on Brown, (see Feb. 9, 2011, Findings & Recommendations
at 7:16-9:7), defendants have not even cited Brown in their
objections.

2010) (magistrate judge's findings and recommendations), <u>adopted by</u> No. CIV S-09-0824 JAM DAD, 2011 WL 319080 (E.D. Cal. Jan. 28, 2011); <u>Aubert v. Elijah</u>, No. 1:07-cv-01629 LJO GSA, 2010 WL 3341915, at *7 (E.D. Cal. Aug. 24, 2010) (magistrate judge's findings and recommendations), <u>adopted by</u> No. 1:07-cv-01629 LJO GSA, 2010 WL 3825609 (E.D. Cal. Sept. 28, 2010); <u>Lees v. Felker</u>, No. CIV S-08-196 KJM, 2010 WL 2353517, at *4 (E.D. Cal. June 9, 2010) (magistrate judge's order); <u>Foster v. Verkouteren</u>, Civil No. 08cv0554, 2009 WL 2485369, at *5 (S.D. Cal. Aug. 12, 2009) (magistrate judge's order), <u>aff'd on other grounds</u>, No. 09-56396, 2010 WL 4813674 (9th Cir. Nov. 23, 2010); <u>Kidd v. Biggs</u>, No. CV 01:06-1098 BLW MHW, 2009 WL 2151836, at *4 (E.D. Cal. July 16, 2009) (magistrate judge's findings and recommendations), <u>adopted by</u> No. 1:06-CV-1098 BLW MHW, 2009 WL 3157536 (E.D. Cal. Sept. 28, 2009); <u>Ransom v. Rojas</u>, No. 1:05-cv-00283 AWI GSA, 2008 WL 4640619, at *4 (E.D. Cal. Oct. 16, 2008) (declining to adopt magistrate judge's findings and recommendations); <u>Harris v. Duc</u>, No. CIV S-06-2138 JAM DAD, 2008 WL 3850214, at *5 (E.D. Cal. Aug. 15, 2008) (magistrate judge's findings and recommendations), <u>adopted by</u> No. CIV S-06-2138 JAM DAD, 2008 WL 4463604 (E.D. Cal. Oct. 02, 2008); <u>Lay v. Marrow</u>, No. CIV S-07-0711 JAM GGH, 2008 WL 2954185, at *7 (E.D. Cal. July 30, 2008) (magistrate judge's findings and recommendations).

In this case, unlike in <u>Brown</u>, plaintiff was informed in the response at the second level that allegations of staff misconduct "do not limit or restrict the availability of further relief via the inmate appeals process" and that he must submit the staff complaint appeal through the director's level to

exhaust his administrative remedies.  (<u>See</u> Lewis Decl. Ex. C at 33.)  Many of the courts that have found exhaustion relying on <u>Brown</u> have dealt with this same language in a response and did not find that it was sufficient to meet the defendant's burden. <u>See</u> <u>Cottrell</u>, 2010 WL 4806910, at *5; <u>Aubert</u>, 2010 WL 3341915, at *7; <u>Lees</u>, 2010 WL 2353517, at *4; <u>Foster</u>, 2009 WL 2485369, at *5.

This court agrees that this language is insufficient to meet defendants' burden of "demonstrat[ing] that pertinent relief remained available."[6]  <u>Brown</u>, 422 F.3d at 936-37.  First, information provided to an inmate is relevant to the issue of whether the remedies were available as a <u>practical matter</u>, not whether remedies were <u>in fact</u> available.  <u>Cf.</u> <u>id.</u> at 937 (explaining the relevancy of information provided to an inmate). Second, even if this language were relevant to the issue of whether a remedy was in fact available, this language is not sufficient to meet defendants' burden in light of contradictory information provided in the same response at the second level and in the response at the director's level.  Moreover, the Bulletin confirms that no additional remedies were available.

In seeming recognition that this language will not

---

[6]    The court recognizes that some courts have either expressly distinguished <u>Brown</u> based on this language or, while not citing <u>Brown</u>, relied on this language to find lack of exhaustion.    <u>See, e.g.</u>, <u>McGinnis v. Elijah</u>, Civil No. 1:08cv0793 IEG, 2009 WL 2244188, at *3 (E.D. Cal. July 27, 2009) (distinguishing <u>Brown</u>); <u>Velasquez v. Elhendie</u>, No. 2:07-cv-02419 HDM RAM, 2009 WL 1357420, at *2 (E.D. Cal. May 13, 2009) (same); <u>Treglia v. Cal. Dep't of Corr. & Rehab.</u>, No. CIV S-07-0444 EFB, 2009 WL 700242, at *4 (E.D. Cal. Mar.13, 2009) (magistrate judge's order) (although not citing <u>Brown</u>, relying on this language); <u>Robinson v. Heyward</u>, No. CIV S-07-0729 JAM DAD, 2008 WL 2875794, at *3 (E.D. Cal. July 24, 2008) (magistrate judge's findings and recommendations) (although not citing <u>Brown</u>, relying on this language).

1    suffice, defendants have presented supplemental evidence to

2    support their objections to the magistrate judge's findings and

3    recommendations.   The supplemental evidence attempts to show that

4    additional remedies were in fact available to plaintiff beyond an

5    investigation into his allegations of staff misconduct.   This

6    evidence would contradict the Bulletin and portions of the

7    responses.   See Brown, 422 F.3d at 939 ("While Valoff argues that

8    an appeal to the Director's level might have netted additional

9    relief to Brown, he produced no evidence--which would have had to

10   contradict his own directives--that it could have.").

11        In a supplemental declaration, D. Foston, Chief of the

12   Inmate Appeals Branch ("IAB") of the Department, states that a

13   director's level response could have provided the following four

14   forms of relief from IAB: (1) a recommendation that the inmate be

15   transferred if not appropriately housed, (2) an order that the

16   institution amend its strip search policy or holding cell policy

17   to come into compliance with regulation or policy, (3) an order

18   for another investigation to ensure all issues and allegations

19   were appropriately addressed if the IAB found that the staff

20   misconduct investigation was conducted improperly or was

21   insufficient, and (4) a referral for a mental health evaluation

22   if it had not already been completed. (Defs.' Objections to

23   Findings & Recommendations on Defs.' MTD Attachment (Supplemental

24   Foston Decl. on Defs.' MTD) ¶ 8 (Docket No. 49).)

25        With respect to transferring plaintiff if not

26   appropriately housed, the Ninth Circuit's description of the

27   evidence in Brown is instructive:

28        It is clear, for example, from the Department's general

directives and from its responses in this case, that only
after the staff misconduct investigation, through which
Brown's allegations were considered, would the Department
of Corrections have determined whether Valoff's transfer
to another institution was appropriate.  Those documents
emphasize that all investigations into staff misconduct
are to take place through the staff complaint process;
that the choice of relief in the event a complaint is
sustained is up to the Department; and that the results
of the staff complaint process are confidential.  For
similar reasons, any transfer of Brown because of
Valoff's behavior would depend on sustaining the
complaints about that behavior and thus could not come
through the appeals process.

Brown, 422 F.3d at 939.  Thus, despite Foster's supplemental
declaration to the contrary, the evidence suggests that plaintiff
could be transferred only through the staff complaint process,
which plaintiff's staff complaint initiated, and not through the
inmate appeals process.

That the Department's director could have changed the
institution's policy on searches or holding cells or ordered a
mental health evaluation does not prove that additional remedies
were available because plaintiff's grievance did not pertain to
these subjects.  See id. at 940 ("Brown did not, however,
complain about the pepper spray policy; rather, his complaint was
that the policy had been violated.  As Brown's grievance in no
way challenged the pepper spray policy, we can conceive no reason
the Director would reconsider that policy in response to Valoff's
grievance.") (citing Booth, 532 U.S. at 736 n.4 ("Without the
possibility of some relief, the administrative officers would
presumably have no authority to act on the subject of the
complaint, leaving the inmate with nothing to exhaust.")
(emphasis added)).

Lastly, Foster's statement that the director could have

11

ordered an additional investigation if it determined that the first investigation was insufficient or improperly conducted is contradicted by the response at the director's level that simply evaluated whether an investigation had been conducted. Accordingly, the moving defendants have not met their burden of "demonstrat[ing] that pertinent relief remained available." Brown, 422 F.3d at 936-37.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed February 9, 2011, are adopted, except to the extent that they rely on section 3084.9(i) of Title 15 of the California Code of Regulations;

2.  The moving defendants' motion to dismiss for plaintiff's failure to exhaust administrative remedies is DENIED as to claims that defendants Whitten, Greer, Protivinsky, and Brewer conducted or allowed improper searches for the purposes of harassment, retaliation, and deliberate indifference to plaintiff's mental health in 2007 and 2008; and

3.  This action is dismissed as against defendant Moore due to plaintiff's failure to prosecute.

DATED:  April 14, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12